# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARION'S CLEANERS, LLC**<br>      Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2259** |
| **NATIONAL FIRE AND INDEMNITY EXCHANGE**<br>      Defendant. | **SECTION "E"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Proceedings[1] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending the Supreme Court of Louisiana's final disposition regarding the writs of *certiorari* granted in *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 78 So.3d 835, (La. Ct. App. 4 Cir. 11/23/11) (La. Writ No. 2011-C-2835), and filed in *Beardon v. Louisiana Citizens Prop. Ins. Corp.,* 2011-CA-1319 (La. Ct. App. 11/2/11) (La. Writ No. 2011-C-2654). Any party may seek to re-open this matter by filing a written motion within 30 days of the Supreme Court of Louisiana's final judgment regarding the issues presented in the writs of *certiorari* filed in both *Duckworth* and *Beardon*.

## BACKGROUND

Plaintiff, Marion's Cleaners, L.L.C. ("Marion's") alleges that it sustained damages on August 29, 2005, as a result of Hurricane Katrina. On July 29, 2011, Marion's filed this action against its insurer, Defendant National Fire and Indemnity Exchange ("National") in the Civil District Court, Parish of Orleans, State of Louisiana, alleging that National breached their insurance contract by failing to properly adjust Marion's claims. National removed the action to this Court, and then filed a motion for summary judgment, arguing that Plaintiff's claims are prescribed. Plaintiff contends that the prescriptive period was suspended because it was a member of a putative class action against National regarding Hurricane Katrina damages, and it opted out of the class by filing its own suit.[2]

---

[1] R. Doc. 14.

[2] These same parties have another case involving almost identical issues. In that case, Marion's brought an action against National for allegedly breaching their insurance contract by failing to properly adjust claims in regards to another Marion's location. That case was originally filed in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, and removed to this Court. Judge Mary Ann Vial Lemmon granted Marion's Cleaners' motion to stay the proceedings and administratively closed the case on February 13, 2012. *Marion's Cleaners, LLC v. National Fire and Indemnity Exchange*, 2012 WL 476182 (E.D. La. 2012). The matter was subsequently transferred from Judge Lemmon (Section S) to Judge Morgan (Section E) on April 13, 2012. (R. Doc. 26).

## ANALYSIS

In *Duckworth*, the Louisiana Court of Appeal, Fourth Circuit consolidated two similar cases for the purpose of the appeal, and sustained both trial court judges' decisions sustaining exceptions of prescription. In those cases, the plaintiffs were class members in putative class actions against their insurers regarding Hurricane Katrina damage. The plaintiffs opted out of the class actions by filing their own suits before the classes were certified. The plaintiffs argued that prescription was suspended due to the putative class actions. The Louisiana Court of Appeal, Fourth Circuit found that the plaintiffs could not rely on the putative class actions to suspend prescription because they filed their individual suits before the class certification process was completed.

Conversely, in *Beardon*, the Louisiana Court of Appeal, Fourth Circuit denied a supervisory writ in which the defendant insurance company appealed the trial court's finding that the plaintiff had not forfeited the suspension of prescription by filing her individual suit before the class certification decision in the putative class action of which she purported to be a member.

Writs of *certiorari* were filed with the Supreme Court of Louisiana in both *Duckworth* and *Beardon*. The Louisiana Supreme Court granted the writ of *certiorari* in *Duckworth* on March 30, 2012, but has not acted on the writ of *certiorari* filed in *Beardon* as of the date of this Order. Marion's filed a motion to stay this case pending the Supreme Court of Louisiana's decisions regarding those writs of *certiorari*. Staying this case pending the outcome of the writ of *certiorari* granted in *Duckworth* and requested in *Beardon* will allow the Supreme Court of Louisiana to decide the Louisiana state law prescription issues presented in those cases, which may be dispositive of this action.

Therefore, Plaintiff's motion to stay is GRANTED, and this matter is hereby STAYED and ADMINISTRATIVELY CLOSED pending the Supreme Court of Louisiana's decisions on the writs of *certiorari* in both *Duckworth* and *Beardon*.

**Signed, New Orleans, Louisiana, this 24th day of April, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**