UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARION'S CLEANERS, LLC,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 11-2259 |
| NATIONAL FIRE & INDEMNITY<br>EXCHANGE,<br>    Defendant | SECTION: "E" (4) |

*Consolidated with:*

| | |
|---|---|
| MARION'S CLEANERS, LLC,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 11-2376 |
| NATIONAL FIRE & INDEMNITY<br>EXCHANGE,<br>    Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court are two motions filed by the Defendant, National Fire & Indemnity Exchange ("National Fire"): (1) a motion for summary judgment, filed in Case No. 11-2259;[1] and (2) a motion for judgment on the pleadings, filed in Case No. 11-2376.[2] Both motions are opposed by Plaintiff Marion's Cleaners, LLC ("Marion's" or "Plaintiff"). The Court has considered the briefs, the record, and the applicable law and is prepared to rule. For the reasons that follow, the motions are **GRANTED**.

## BACKGROUND

This consolidated matter addresses two post-Hurricane Katrina insurance-coverage lawsuits filed by Marion's Cleaners against National Fire.[3] Prior to Hurricane

---

[1] *Marion's Cleaners, LLC v. National Fire & Indem. Exch.*, No. 11-2259, R. Doc. 13 (E.D. La.).
[2] *Marion's Cleaners, LLC v. National Fire & Indem. Exch.*, No. 11-2259, R. Doc. 32 (E.D. La.) (originally filed in *Marion's Cleaners, LLC v. National Fire & Indem. Exch.*, No. 11-2376, R. Doc. 10).
[3] *Marion's Cleaners, LLC v. National Fire & Indem. Exch.*, Nos. 11-2259, 11-2376 (E.D. La.).

1

Katrina, National Fire issued policies of insurance to Marion's Cleaners for its commercial properties located at 106 Severn Avenue in Jefferson Parish, Louisiana, and at 3142 Calhoun Street in New Orleans. The parties agree the insurance policies were in effect when Hurricane Katrina made landfall in Louisiana and Mississippi on August 29, 2005. According to Marion's, Hurricane Katrina inflicted "serious and devastating damages" to its business locations in Jefferson Parish and New Orleans, causing Marion's to incur a "loss of inventory, loss of use and loss of business income" at both locations.[4]

According to Marion's, National Fire failed to pay for certain covered losses which Marion's incurred at its properties in Jefferson Parish and New Orleans.[5] As a result, Marion's filed, though years later, separate lawsuits against National Fire in Louisiana state court. Specifically, on July 29, 2011, Marion's filed suit against National Fire in the Civil District Court for the Parish of Orleans (Case No. 11-2259) for the damages it allegedly sustained at 3142 Calhoun Street in New Orleans.[6] Then, on August 9, 2011, Marion's filed an identical lawsuit against National Fire in the 24th Judicial District Court for the Parish of Jefferson (Case No. 11-2376) for its alleged damages sustained at 106 Severn Avenue in Jefferson.[7]

Both lawsuits were timely removed to federal court on different dates in September 2011.[8] On January 10, 2012, National Fire filed a motion for judgment on the pleadings in Case No. 11-2376,[9] and on March 7, 2012, National Fire filed a motion for summary

---

[4] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 1 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 1 (E.D. La.).
[5] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 1-2 at 2 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 1-2 at 2 (E.D. La.).
[6] *See Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 1-2 (E.D. La.).
[7] *See Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 1-2 (E.D. La.).
[8] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 1 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 1 (E.D. La.).
[9] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 32 (E.D. La.). National Fire's motion for judgment on the pleadings, which is found at Record Document 32 in Case No. 11-2259,

judgment on similar grounds in Case No. 11-2259.[10] National Fire seeks similar relief in both motions, arguing that Marion's claims against National Fire are prescribed and that, as a result, both of Marion's lawsuits should be dismissed with prejudice.[11]

Before the Court could rule on National Fire's motions, Marion's filed motions to stay the proceedings in both lawsuits.[12] Noting that the judicial landscape was rather unsettled on the prescription issues raised in National Fire's motions, Marion's pointed the Court to two cases then pending before the Louisiana Supreme Court involving the prescription of Hurricane Katrina-related claims.[13] Marion's thus argued it was "in the interest of justice and the best interests of the parties and the courts to have the Louisiana Supreme Court finally decide the prescription issues once and for all."[14] The Court agreed and granted the motions to stay, administratively closing both suits.[15]

On April 7, 2015, Marion's filed motions to lift the stay in both lawsuits.[16] Marion's noted the cases which were pending before the Louisiana Supreme Court—*Duckworth* and *Beardon*—had been resolved or remanded for further proceedings without a final decision from Louisiana's high court on the relevant prescription issues. This Court granted the motions and lifted the stay in both lawsuits on July 7, 2015. The Court also

---

was originally filed as Record Document 10 in Case No. 11-2376. As explained below, these two actions were consolidated under Case No. 11-2259, and National Fire's motion for judgment on the pleadings was filed under Case No. 11-2259 as Record Document 32.

[10] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 13 (E.D. La.).

[11] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Docs. 13-2 at 12–13, 32-1 at 8 (E.D. La.).

[12] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 14 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 13 (E.D. La.).

[13] Those cases were (1) *Duckworth v. Louisiana Farm Bureau Mutual Insurance Co.*, 2011-CA-0837 (La. App. 4 Cir.) (La. Writ. No. 2011-C-2835); and (2) *Beardon v. Louisiana Citizens Property Insurance Corp.*, 2011-CA-1319 (La. Ct. App. 4 Cir.) (La. Writ. No. 2011-C-2654).

[14] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 14-1 at 2 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 13-1 at 2 (E.D. La.).

[15] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 28 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 25 (E.D. La.).

[16] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 29 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 27 (E.D. La.).

reinstated the motions which were pending prior to the matters being stayed, including (1) National Fire's motion for judgment on the pleadings (Case No. 11-2376); and (2) National Fire's motion for summary judgment (Case No. 11-2259).[17] On the same date, the Court consolidated Marion's suits under Case No. 11-2259 pursuant to Federal Rule of Civil Procedure 42(a).

## LEGAL STANDARDS

### I. RULE 12(C)—MOTION FOR JUDGMENT ON THE PLEADINGS

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[18] Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19] "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[20] "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."[21] "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[22]

### II. RULE 56—MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[17] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 31 (E.D. La.).
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[19] *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[21] *Id.* (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotation marks omitted).
[22] *Id.* (citations and internal quotation marks omitted).

of law."[23] "An issue is material if its resolution could affect the outcome of the action."[24] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the non-moving party.[26] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[27]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[28] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[29]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, as in this case, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record

---

[23] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[24] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[26] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[28] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[29] *Celotex*, 477 U.S. at 322–24.

to establish an essential element of the non-movant's claim.[30] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[31] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[32] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[33]

## DISCUSSION

### I.

National Fire contends, in both motions, that it is entitled to judgment as a matter of law because Marion's claims are prescribed. Because jurisdiction in this case is premised on diversity of citizenship, this Court applies the applicable Louisiana prescriptive period.[34] Under Louisiana law, the deadline for filing insurance claims for property damages and losses caused by Hurricane Katrina was September 1, 2007.[35] Both

---

[30] *Id.* at 331–32 (Brennan, J., dissenting).
[31] *See id.* at 332.
[32] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[33] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[34] *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). *See also James v. Hanover Ins. Co.*, No. 11-2610, 2013 WL 3728279, at *3 (E.D. La. July 12, 2013).
[35] Act No. 802, 2006 La. Acts. *See also Taranto v. La. Citizens Prop. Ins. Corp.*, 2010-C-0105, p. 2 (La. 3/15/11), 62 So. 3d 721, 724.

parties agree Marion's claims against National Fire were subject to the September 1, 2007 deadline.[36] Nevertheless, Marion's filed the instant lawsuits years later on July 29, 2011 (Case No. 11-2259) and on August 9, 2011 (Case No. 11-2376).[37]

It is beyond dispute that Marion's did not sue National Fire prior to the September 1, 2007 prescriptive deadline. Yet Marion's contends its claims did not prescribe, as the prescriptive period was, and remains, suspended.[38] As a general rule, the burden of proving prescription rests with the moving party.[39] However, if the petition is prescribed on its face, prescription is presumed and the burden of proof shifts to the Plaintiff to negate that presumption by proving suspension or interruption.[40] Because Marion's claims against National Fire are prescribed on their face, it is Marion's burden to prove that the prescriptive period was either suspended or interrupted.

In an attempt to carry its burden, Marion's invokes the class-action tolling doctrine delineated in Louisiana Code of Civil Procedure article 596.[41] Article 596 provides that "prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." To receive the benefit of the suspension of prescription provided for in article 596, an individual filing an independent suit must establish three predicate facts:

> (1) the existence of a timely filed class action proceeding against the defendant; (2) that he or she is a member of the class described or defined in the identified class petition; and (3) that the claims asserted in the

---

[36] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Docs. 13-1, 19-1 (E.D. La.).
[37] *See Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 1-2 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 1-2 (E.D. La.).
[38] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Docs. 13-1, 19-1 (E.D. La.).
[39] *Taranto*, 62 So. 3d at 726.
[40] *Id. See also Williams v. State Farm Fire & Cas. Co.*, No. 11-1737, 2012 WL 1198810, at *2 (E.D. La. Apr. 10, 2012).
[41] *See generally Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 19 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 19 (E.D. La.).

independent action arise "out of the transaction or occurrences described" in that petition.[42]

## II.

The Court first addresses this issue in the context of National Fire's Rule 12(c) motion for judgment on the pleadings, which National Fire filed in Case No. 11-2376 prior to that matter's consolidation with Case No. 11-2259. As noted above, in conducting a Rule 12(c) analysis, the Court is guided by the Rule 12(b)(6) standard and must determine whether the Plaintiff's state-court petition, on its face, states a plausible claim for relief. Marion's state-court petition does not.

Because Marion's claims are prescribed on their face, it is Marion's burden to show the prescriptive period was suspended or interrupted. But nowhere in its state-court petition does Marion's even mention the class-action tolling doctrine or allege that Marion's is or was a member or putative member of a class. Marion's only invokes the class-action tolling doctrine in its opposition to National Fire's motion, and it does so summarily. The Court is not convinced that such summary invocations of the class-action tolling doctrine are sufficient to carry Marion's burden.[43]

In *Williams v. State Farm Fire & Casualty Co.*, a court in this district granted a defense motion for judgment on the pleadings under similar circumstances.[44] In *Williams*, the plaintiff suggested that she carried her burden by, according to the court, "summarily concluding in her amended complaint that State Farm was a named defendant in four putative class actions."[45] The court found such conclusory allegations

---

[42] *Quinn v. La. Citizens Prop. Ins. Corp.*, 2012-CC-0152, p. 8 (La. 11/2/2012), 118 So. 3d 1011, 1016.
[43] *See, e.g., Nortshore Apothecary, Inc. v. Zurich Am. Ins. Co.*, No. 11-2327, 2011 WL 4965603, at *1 (E.D. La. Oct. 19, 2011) (granting Rule 12(b)(6) motion to dismiss where plaintiff "made no showing that the running of the prescription period was suspended at any time").
[44] *Williams v. State Farm Fire & Cas. Co.*, No. 11-1737, 2012 WL 1198810 (E.D. La. Apr. 10, 2012).
[45] *Id.* at *3.

8

to be insufficient, noting that "nowhere in the plaintiff's complaint does she state that she is or was a putative member of the class actions she lists; nor does she identify which claims were presented in those putative class actions; nor does she suggest how her current claims have identity with the claims presented in the list of class actions."[46] In this case, Marion's state-court petition does not even list the class or putative class actions which Marion's claims to be a part of, let alone identify itself as a member of those classes or explain how its claims are similar to the claims asserted therein. Instead, Marion's only states, in its opposition to National Fire's motion which raised prescription as a defense, that "[t]here were class actions involving National as a defendant after Katrina" and Marion's was a "member of those classes."[47] Summary, conclusory allegations of this nature are not sufficient to invoke the class-action tolling doctrine. Based on these allegations, the Court finds that Marion's state-court petition does not state a plausible claim for relief, and National Fire's Rule 12(c) motion is granted.

### III.

The Court now addresses these issues in the context of the motion for summary judgment filed by National Fire in Case No. 11-2259. Even if Marion's state-court petition could survive a Rule 12(c) analysis, Marion's has failed to carry its burden at the summary judgment stage, and National Fire's motion for summary judgment must be granted.

In this motion, National Fire contends, as above, that Marion's claims are prescribed and that it is entitled to summary judgment as a result.[48] Marion's state-court petition in Case No. 11-2259 is identical to its petition in Case No. 11-2376, which the Court concluded is, without more, deficient. Assuming, however, that the petition did

---

[46] *Id. See also Lewis v. Hanover Ins. Group*, No. 10-3026, 2014 WL 172383, at *2 (E.D. La. Jan. 15, 2014).
[47] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 19 at 3 (E.D. La.).
[48] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 13-1 (E.D. La.).

satisfactorily state a plausible claim for relief on its face, Marion's has still failed to establish, by pointing to undisputed facts in the record, that the prescription of its claims was suspended under article 596 of the Louisiana Code of Civil Procedure.

In its opposition to National Fire's motion for summary judgment, Marion's again argues that prescription was suspended because "[t]here were class actions involving National as a defendant after Katrina" and Marion's was "a member of those classes."[49] However, unlike its opposition to National Fire's motion for judgment on the pleadings, Marion's opposition to the motion for summary judgment specifically identifies the class of which Marion's contends it is a member.[50] That class action is *Louisiana State, et al. v. AAA Insurance, et al.* (E.D. La. 07-5528), known as the "*Road Home* litigation."[51] Marion's argues the *Road Home* litigation, which was filed in Louisiana state court on August 23, 2007, interrupted the running of prescription on its claims against National Fire, because Marion's was a member of that class and National Fire was involved in the action as a defendant.[52] However, a review of the relevant jurisprudence in this district leads the Court to the opposite conclusion.

In *James v. Hanover Insurance Co.*, Judge Vance granted the defendant-insurer's motion for summary judgment, finding "the filing of the *Road Home* class action could not suspend prescription of plaintiffs' claims under Article 596."[53] The *James* court began by recognizing that, in the *Road Home* litigation, the class was defined in the state-court petition as:

---

[49] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 19 at 2 (E.D. La.).
[50] *Id.*
[51] *Id.*
[52] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 19 at 2; R. Doc. 19-1 at 1–2 (E.D. La.).
[53] *James v. Hanover Insurance Co.*, No. 11-2610, 2013 WL 3728279, at *4 (E.D. La. July 12, 2013) (citing *McGee v. State Farm Fire & Cas. Co.*, 515 F. App'x 291, 294 (5th Cir. 2013)).

10

> [a]ll current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation or assignment agreement in favor of the State, and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's residence as a result of any natural or man-made occurrence associated with Hurricane Katrina and/or Rita under any policy of insurance, as plead herein, and for which the State has been or will be granted or be entitled to recover as repayment or reimbursement of funds provided to any such recipient through the Road Home program.[54]

Judge Vance noted that the Road Home program is "a program developed by the state under which recipients may 'apply for grants of funds to assist them in rebuilding their damaged residences.'"[55] "Any recipient desiring to receive funds under The Road Home Program had to make written application for funds by July 31, 2007."[56] The court concluded: "Because plaintiffs have not alleged that they applied for benefits before the July 31, 2007 deadline, they are not—and never were—members of a class comprising '[a]ll current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program.'"[57]

This Court finds the *James* decision to be instructive and persuasive. As in *James*, there has been no allegation in this case that Marion's applied for Road Home benefits prior to the July 31, 2007 deadline, nor has Marion's otherwise shown how it would qualify as a member of the class of plaintiffs in the *Road Home* litigation. As a result, the Court finds that, because there has been no allegation that Marion's applied for Road Home benefits prior to July 31, 2007, Marion's has failed to carry its burden to show that the filing of the *Road Home* class suspended the prescription of its claims under article

---

[54] *Id.* (quoting *Louisiana State, et al. v. AAA Ins., et al.*, No. 2:07-CV-05528, R. Doc. 1-1 at 21).
[55] *Id.*
[56] *Id.* (quoting *Louisiana State, et al. v. AAA Ins., et al.*, No. 2:07-CV-05528, R. Doc. 1-1 at 5) (internal quotation marks omitted).
[57] *Id.*

596. Moreover, the *Road Home* litigation involved plaintiffs who sustained damages and losses to residential properties.[58] In fact, the class in the *Road Home* litigation was defined as "current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program . . . and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's *residence*."[59] Therefore, even if Marion's alleged it had applied for Road Home benefits prior to July 31, 2007, it is not clear whether Marion's would qualify as a member of that class, as Marion's seeks to recover for damages sustained by *commercial* properties.[60] The Court finds, for these reasons, that National Fire is entitled to summary judgment. The motion is granted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that National Fire's motion for judgment on the pleadings (Case No. 11-2376)[61] and motion for summary judgment (Case No. 11-2259)[62] be and hereby are **GRANTED**.

**New Orleans, Louisiana, this 14th day of March, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[58] *Louisiana State, et al. v. AAA Ins., et al.*, No. 2:07-CV-05528, R. Doc. 1-1 at 21.
[59] *Id.* (emphasis added).
[60] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 19 at 1 (E.D. La.); *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 19 at 1 (E.D. La.).
[61] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2376, R. Doc. 10 (E.D. La.); No. 11-2259, R. Doc. 32 (E.D. La.).
[62] *Marion's Cleaners, LLC v. National Fire and Indem. Exch.*, No. 11-2259, R. Doc. 13 (E.D. La.).